UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSURE BROWN and TOMMY BROWN,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.; et al.,<br><br>Defendants - Appellees. | No. 24-7871<br><br>D.C. Nos.<br>2:20-cv-00669-DGE<br>2:20-cv-00680-DGE<br>Western District of Washington, Seattle<br><br>ORDER |

A video mediation will be held on May 14, 2025, at 10:00 a.m. Pacific Time. Counsel will receive an email from the Mediation Office in advance with instructions for participating in the conference.

Mediation statements no longer than 15 pages shall be submitted to the Circuit Mediator via e-mail [Stephen_Liacouras@ca9.uscourts.gov] on or before May 9, 2025 by 5:00 p.m. Pacific Time. Mediation statements shall be double-spaced, and may contain brief statements of the following: (a) factual and procedural background; (b) legal issues and arguments related to this dispute; (c) past settlement discussions; (d) your client's goals and interests; (e) perceived goals and interests of the opposing party; (f) obstacles to settlement and proposals for overcoming them; and (g) adverse consequences for each party if the case is not resolved through settlement. Sections (a), (b), and (c) shall be served on counsel for the opposing party on the same date they are submitted to the

undersigned. Sections (d), (e), (f) and (g) shall be submitted only to the undersigned and shall not be served on the opposing party. Mediation statements shall <u>not</u> be filed with the court.

Counsel may also identify any documents filed with the district court that they wish the Circuit Mediator to review prior to the mediation.

Mediation statements shall provide the names and representative capacities of those who will attend the mediation and a cell phone number for counsel.

The confidentiality rules set out in the attached document cover all mediation communication, both oral and written. Counsel must review and provide a copy of the Confidentiality Rules to all mediation participants.

It is recommended that counsel review with their clients the information contained in the Mediation Program web site:

http://www.ca9.uscourts.gov/mediation.

The briefing schedule previously set by the court is amended as follows: the opening brief is due 6/24/2025; the answering brief is due 7/24/2025; the optional reply brief is due within 21 days from the service date of the answering brief.

FOR THE COURT:

By: Stephen Liacouras
Chief Circuit Mediator

**Confidentiality Rules Governing Participation in Mediation Process**
Ninth Circuit Rule 33-1(c):

Confidentiality. To encourage efficient and frank settlement discussions, the Court establishes the following rules to achieve strict confidentiality of the mediation process.

1. The Circuit Mediators will not disclose mediation related communications to the judges or court staff outside the mediation unit.

2. Documents, e-mail and other correspondence sent only to the Circuit Mediators or to the mediation unit are maintained separately from the court's electronic filing and case management system and are not made part of the public docket.

3. Should a Circuit Mediator confer separately with any participant in a mediation, those discussions will be maintained in confidence from the other participants in the settlement discussions to the extent that that participant so requests.

4. Any person, including a Circuit Mediator, who participates in the Circuit Mediation Program must maintain the confidentiality of the settlement process. The confidentiality provisions that follow apply to any communication made at any time in the Ninth Circuit mediation process, including all telephone conferences. Any written or oral communication made by a Circuit Mediator, any party, attorney, or other participant in the settlement discussions:

    A. except as provided in (B), may not be used for any purpose except with the agreement of all parties and the Circuit Mediator; and

    B. may not be disclosed to anyone who is not a participant in the mediation except

        1) disclosure may be made to a client or client representative, an attorney or co-counsel, an insurance representative, or an accountant or other agent of a participant on a need-to-know basis, but only upon receiving assurance from the recipient that the information will be kept confidential;

    2) disclosure may be made in the context of a subsequent confidential mediation or settlement conference with the agreement of all parties. Consent of the Circuit Mediator is not required.

5. Written settlement agreements are not confidential except as agreed by the parties.

This rule does not prohibit disclosures that are otherwise required by law.